# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| Markus Ortiz, | Civil Action No.: 5:13-cv-01096 |
| Plaintiff, | |
| v. | |
| Chase Bank USA, N.A., | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Markus Ortiz, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Markus Ortiz ("Plaintiff"), is an adult individual residing in San Antonio, Texas, and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, Chase Bank USA, N.A. (hereafter "Chase"), is a Delaware business entity with an address of 1209 Orange Street, Wilmington, Delaware 19801, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Within the last four years, Chase placed calls to Plaintiff's cellular phone in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

7. The calls from Chase originated from the following telephone numbers, including but not limited to, (800) 555-XXXX.

8. On several occasions mentioned herein, Chase contacted Plaintiff using an automated telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice.

9. When answering Defendant's calls, Plaintiff heard a recording directing him to stay on the line for the next available representative.

10. During conversations with live representatives, Plaintiff advised Chase that he was aware of the delinquency and that although he owed an outstanding amount, the calls were annoying as they disrupted him while he was at work.

11. Plaintiff informed Chase he did not want to be called by Chase, and instructed Chase to cease all calls to his cellular telephone.

12. In response to Plaintiff's request that the annoying calls stop, the representative advised Plaintiff that the calls would continue until such time as the Debt was paid.

13. Despite Plaintiff instructing Chase to stop the calls, Chase continued to place calls to Plaintiff on his cellular telephone at an excessive and harassing rate, dialing Plaintiff's number several times per day, multiple days per week.  The calls caused Plaintiff a great deal of frustration and intruded on his right to be free from unwanted invasions.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an ATDS and/or by using a prerecorded or artificial voice.

16. Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone by his demand to cease calling his cellular telephone.

17. Defendant continued to place automated calls to Plaintiff's cellular telephone using a prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

21. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violationof the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

25. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Texas state law.

26. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

27. The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

28. The conduct of the Defendant resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

29. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

30. All acts of the Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful or intentional pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Punitive and actual damages in such amount as is found appropriate; and

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 4, 2013

Respectfully submitted,

By: __/s/ Sergei Lemberg_____

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff